(41 Misc. Rep. 389.)

### In re ROGERS.

(Supreme Court, Special Term, Erie County. September, 1903.)

**1. LOCAL OPTION ELECTION—SUBMISSION AT SPECIAL ELECTION.**

Under Liquor Tax Law, § 16 (Laws 1900, p. 855, c. 367), providing that if, for any reason except the failure to file a petition, the propositions provided for in the liquor tax law shall not have been properly submitted to the electors at the regular town meeting, such propositions shall be submitted at a special town meeting, there is no authority for ordering a special town meeting when the submission is alleged to have been improper because the petition was not signed and acknowledged by the requisite number of electors.

Application of Lewis Rogers for an order directing a special town meeting to be held in the town of Carlton, under the provisions of the liquor tax law. Denied.

W. C. Ramsdale and Thomas A. Kirby, for petitioner.
Royal R. Scott, for State Commissioner of Excise.

KRUSE, J. It is contended on behalf of the petitioner that the town meeting held on March 10, 1903, at which the questions provided for in section 16 of the liquor tax law (Laws 1900, p. 855, c. 367) were submitted, was invalid for the reason that the petition which was filed in the office of the town clerk was not signed and acknowledged by the requisite number of voters. A former application was heretofore made by a resident of the town for a writ of certiorari, requiring the county treasurer to issue a liquor tax certificate, attacking said election upon the same ground, and contending that it was void and of no effect, and that the status of said town as regards the sale of intoxicating liquors was not affected thereby, such sale being permitted under a former town meeting. This application was denied upon the ground that the duties of the county treasurer were ministerial only, and that he was controlled by the certificate of the town clerk which was filed with him, showing upon its face that such an election had been held. If this election is illegal and void, it would seem that persons who desire to avail themselves of the right to traffic in liquors are entitled to relief in some form establishing that right, yet I think I am compelled to deny this application for want of authority under the provisions of the liquor tax law. The petitioner seeks to have this question resubmitted and infuse life into this defective petition by the aid of an order of this court under the provisions of section 16 of that law, which reads as follows:

"If for any reason except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town shall

not have been properly submitted at such biennial town meeting, such propositions shall be submitted at a special meeting duly called. But a special town meeting shall only be called upon filing with the town clerk the petition aforesaid and an order of the supreme or county court, or a justice or judge thereof, respectively, which may be granted upon eight days' notice to the State Commissioner of Excise, sufficient reason being shown therefor."

Counsel for petitioner lay stress upon the word "any" in the clause "except the failure to file any petition therefor," and suggest that, although the petition does not comply with the statute as regards the number of petitioners and the acknowledgment by them as required, it is sufficient to afford the relief sought by this proceeding; that the statute does not say, in terms, "the" petition, and therefore contend that the defect in this petition, although it forms the very basis of calling the special town meeting, may be cured by an order of the court. But it is to be observed that the section referred to expressly provides that a special town meeting shall only be called upon filing with the town clerk the petition aforesaid and an order of the court. It would seem that this petition must be a substantial compliance with the terms of the act, to afford any basis for a special town meeting. And if it does not so comply with the law, no validity can be given to it by the aid of the order of the court. Of course, it need not be suggested that, if the petition was a substantial compliance with the provisions of this section, then the election already had, which was adverse to the right to traffic in liquors, was effective, and that the petitioner, or any other person designing to traffic in liquor, is entitled to no relief I think the application must be denied upon the ground of want of power to make the order. The application is denied accordingly, without costs.

Application denied, without costs.